**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                    **v.**           **11-CR-380S(Sr)**

**JESUS M. TORRES,**

        **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear

and report upon dispositive motions.  Text Order of Referral dated December 13, 2011.

## PRELIMINARY STATEMENT

The defendant, Jesus M. Torres (hereinafter, "defendant" or "Torres"),

along with co-defendant Luis A. Montanez was charged in a five count Indictment with

having violated Title 21, United States Code, Sections 841(a)(1) and 846 and Title 18,

United States Code, Section 2.  Dkt. #11.

Presently pending before this Court is the defendant's omnibus motion for

discovery, and motions to suppress evidence and statements.  Dkt. #33.  The

government has filed its response to defendant's omnibus motion for discovery, and the

motions to suppress evidence and statements, as well as a motion for reciprocal

discovery.  Dkt. #34.  This Court's Report, Recommendation and Order with respect to

defendant's motions to suppress evidence and statements will be filed separately. What follows is this Court's Decision and Order with respect to the defendant's omnibus motion for discovery.

## DISCUSSION AND ANALYSIS

**Discovery**

By this broad request the defendant seeks the disclosure of (a) any oral statement made by the defendant; (b) any written or recorded statements; (c) the defendant's prior criminal history; (d) documents or tangible objects; (e) all physical examinations, mental examinations, scientific reports, tests or experiments; and, (e) a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence and any expert witnesses qualifications. Dkt. #33, pp.4-6. Pursuant to Rule 12 of the Federal Rules of Criminal Procedure, the defendant also requests notice by the government of its intention to use evidence. *Id*. Finally, the defendant seeks the disclosure of co-conspirator statements. *Id*.

**Defendant's Statements - Oral and Written**

The defendant requests copies of any written or recorded statements made by him, as well as the substance of any oral statements he made. Dkt. #33, p.4. In its response, the government states in pertinent part, "[a]ll written and recorded statements of defendant have been provided or will be provided, as well as the substance of any oral statements made by defendant before and after arrest in

response to interrogation by any person known to the defendant to be a government agent." Dkt. #34, p.2. Based on the representations made by counsel for the government, the defendant's request is denied as moot.

**Defendant's Prior Criminal Record**

By this request the defendant is seeking a copy of his prior criminal record. Dkt. #33, p.5. The Court notes that the defendant makes a separate request pursuant to Federal Rules of Evidence 403, 404(b) and 609 and that request will be addressed below. In its response, the government states that it provided, among other things, the criminal history for each defendant. Dkt. #34, p.2. In addition, the government attaches to its response a copy of a January 30, 2012 letter to defense counsel, wherein the government stated, "[a]s the defendants have each been made aware, defendant Montanez has a 2006 conviction for criminal possession of a controlled substance, fifth degree, with intent to sell and defendant Torres has a prior drug felony conviction in 2009 for criminal possession of a controlled substance, third degree with intent to sell, both of which would form the basis if an 851 enhancement of the charges is filed in the indictment." Dkt. #34-1, p.1. Accordingly, based on the representations made by counsel for the government concerning the defendant's prior criminal record, defendant's request is denied as moot.

**Documents and Tangible Objects**

In this request, the defendant states, "[u]pon request, the government must permit Torres to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items." Dkt. #33, p.5. The government maintains that it has "made available all tangible objects . . . and will make available photographs material to the preparation of a defense or intended to be used as evidence-in-chief at trial or obtained from or belonging to a defendant." Dkt. #34, p.3. Based on the representations made by counsel for the government, the defendant's request is denied as moot.

**Physical Examinations, Mental Examinations, Scientific Reports**

By this request, the defendant seeks all physical examinations, mental examinations, and scientific tests or experiments, including reports of such examinations, tests or experiments. Dkt. #33, p.5. In its response, the government states that it has disclosed the results and reports of physical and mental examinations and of scientific tests and experiments made in connection with the case. Dkt. #34, p.3. The government adds that "[i]f any further reports are forthcoming, they will be provided upon receipt by the government." Dkt. #34, p.3. Based on the government's representations concerning what has already been disclosed and what will be disclosed and the government's awareness of its ongoing discovery obligations, the defendant's requests are denied as moot.

**Expert Witnesses**

By this request, the defendant requests a written summary of testimony the government intends to use under Rules 702, 703 and/or 705 of the Federal Rules of Evidence, including the witness' opinions, the basis and reasons for these opinions and the witness' qualifications.  Dkt. #33, p.6.  In its response, the government states, "the government will comply with the defendant's requests for expert testimony pursuant to Rule 16(a)(1)(G) of witnesses who will testify under Rules 702, 703 and 705 F.R.E."  Dkt. #34, p.3.  Accordingly, based on the representations made by counsel for the government, defendant's request is denied as moot.

**Co-Conspirator Statements**

By this request, the defendant seeks all statements of any co-conspirators, "whether or not indicted, either recorded or unrecorded, oral or written, signed or unsigned, made to persons other than the Government agents which are relevant to the crimes charged."  Dkt. #33, pp.6-7.  More specifically, the defendant seeks the disclosure of co-conspirator statements that the government will seek to offer as evidence pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence.  *Id*. In addition, the defendant requests the police and conviction records of all witnesses the government intends to call in its case-in-chief or whom the government may call in rebuttal.  *Id*. at p.7.

With respect to defendant Torres' request for co-conspirator statements, the government states,

> [t]he government will disclose written statements of witnesses and investigative agency or police department memoranda of interviews with witnesses, as provided in Title 18, United States Code, Section 3500. The government declines to provide statements and the identities of all persons interviewed and not intended to be called by the government as outside the requirement of Title 18, United States Code, Section 3500 and Rule 16 of the Fed. R. Crim. P.

Dkt. #34, p.4. Because Rule 801(d)(2)(E) of the Federal Rules of Evidence does not contain a required pretrial notice, there is no requirement on the part of the government to make any such disclosure of this type of evidence at this time. Any request to exclude such statements at the trial, is a matter left to the discretion of the trial judge. As will be discussed below, in connection with the defendant's request for the disclosure of *Jencks* Act material, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his or her direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, that it will comply with the trial judge's pretrial order concerning the disclosure of witnesses'

statements, the defendant's request is denied.  Notwithstanding the foregoing, the

government is hereby directed to comply with the Second Circuit Court of Appeals'

holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v.*

*Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials

to the defendant.


**Notice of Intention Pursuant to Rule 12**

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure,

defendant Torres seeks the immediate disclosure of notice setting forth any evidence to

which the defendant may be entitled to seek to suppress under Rule 12 and the Fourth,

Fifth and Sixth Amendments to the United States Constitution.  In its response, the

government states,

> [t]he government has made available all tangible objects
> obtained pursuant to search, arrest or otherwise and will
> make available photographs material to the preparation of a
> defense or intended to be used as evidence-in-chief at trial
> or obtained from or belonging to a defendant.  The
> defendant is apprised that he can examine such material in
> the custody of the DEA and, pursuant to Rule 12(b)(4)(B),
> such evidence shall be used by the government against the
> defendant at trial.

Dkt. #34, p.3.  Based on the notice supplied by the government, as excerpted above,

the defendant's request for notice pursuant to Rule 12 of the Federal Rules of Criminal

Procedure is denied as moot.

***Brady* Material**

Within this broad request, the defendant seeks disclosure of the following

categories of documents,

> [a]ll documents favorable to her [sic] on the issue of guilt
> and/or which affects the credibility of the Government's case
> . . . impeachment as well as exculpatory evidence . . .
> documents and other tangible objects that tend to show acts
> or crimes not named in the indictment which the
> Government may use to demonstrate Torres' motive,
> opportunity, intent, preparation, plan, knowledge, identity or
> absence of mistake or accident . . . records of information
> revealing prior misconduct or bad acts attributed to any
> witness who will be called on behalf of the Government . . .

Dkt. #33, pp.7-1. In addition to the foregoing requests, the defendant also seeks the

early disclosure of *Jencks* Act material in connection with this request for "favorable

information." The Court notes that the defendant also makes a separate request for

*Jencks* Act material (witness statements). Accordingly, the defendant's request for the

early disclosure of Jencks Act material will be addressed below.


Thus, the Court will treat this request principally as one for *Brady* and

*Giglio* material. In its response the government states,

> [t]he government acknowledges its obligations under <u>Brady</u>
> <u>v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405
> U.S. 150 (1972), and their progeny. At this time, the
> government is aware of no evidence required to be
> disclosed pursuant to <u>Brady</u>. The government also
> acknowledges its continuing obligation to provide <u>Brady</u>
> material to the defense and it will do so when and if the
> existence of such evidence becomes known. . . . As to
> impeachment <u>Brady</u> material, . . . the government will make
> disclosure of such in accordance with the schedule set by
> the District Court prior to trial and no later than when the

> government produces and delivers the Jencks Act material
> in this case.

Dkt. #34, pp.12-13.


"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id.* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his/her direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.


Based on the representations made by counsel for the government as to its obligations under *Brady* and *Giglio,* the defendant's request is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Identification**

        Although labeled "Identification," by this request, the defendant is seeking all records routinely kept by the United States government relating to any person or conduct charged in the Indictment. In addition, these requests seek all investigative reports, complaints, evidence logs, memos and other documents maintained by any federal, state or local police or law enforcement agency. Dkt. #33, pp.8-9. Although not directly responsive to this request, the government states, that it is "unaware of any instance of conduct located in the personnel files of any prospective government witness who is employed by the United States which would provide exculpatory or favorable information to the defendant as suggested by defendant." Dkt. #34, p.4. The Court notes that it is the trial court's practice to set a deadline for disclosure of 3500 and related materials.

        As discussed, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* Act statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his or her direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge. The government is hereby directed to comply with the Second Circuit Court of Appeals'

holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.  Accordingly, based on the foregoing, defendant's request is denied.


**Wire Tap, Pen Register, Search Warrant Applications**

By this request, the defendant seeks copies of "all applications for visual, electronic or other surveillance, pen registers, search warrants, or any type of seizure of information from the Defendants, other targets or third persons related in any way to the current Indictment or the investigation which lead to the Indictment."  Dkt. #33, p.10.


In response, the government states, "the government contends that it had [sic] provided, pursuant to voluntary discovery and requests made by defendant, . . . Search Warrant and Affidavit . . ."  Dkt. #34, p.2.  Accordingly, based on the foregoing and based on the representations made by counsel for the government, defendant's request is denied as moot.


**Other Documents**

By this request, the defendant seeks "any other documents in the possession, custody or control or with which by the exercise of due diligence could come within the control of the prosecution that were prepared in connection with this case or are intended to be used in the trial of the Defendant."  Dkt. #33, p.10.  The government has stated that it has complied with its discovery obligations and believes

that discovery is complete.  Accordingly, based on the foregoing and based on the representations made by counsel for the government, defendant's request is denied as moot.

**Photographs/Video Tapes**

By this request, the defendant seeks copies of any photographs made in connection with the case, as well as charts, graphs, maps or drawings related to the investigation.  As noted above, the government has stated that it has "made available all tangible objects obtained pursuant to search, arrest or otherwise and will make available photographs material to the preparation of a defense or intended to be used as evidence-in-chief at trial or obtained or belonging to a defendant."  Dkt. #34, p.3. Accordingly, based on the representations made by counsel for the government, defendant's request is denied as moot.

**Physical Evidence**

This request is in part duplicative of defendant's prior request for the disclosure of documents and tangible evidence.  In addition, this request includes any seized correspondence or evidence, the source, date and time of recovery, as well as the authority under which the property was obtained.  Dkt. #33, pp.10-11.  As noted above, in its response, the government states that it has and continues to comply with its discovery obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure.  Indeed, the government states that it has provided "the Criminal Complaint

and supporting Affidavit, Search Warrant and Affidavit, criminal history and laboratory reports, constituting all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and believes discovery is thereby complete." Dkt. #34, p.2. Based on the representations made by counsel for the government that it has and will continue to comply with its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure, defendant's request is denied as moot.

In addition to the foregoing, the defendant requests that all evidence capable of being destroyed, be preserved, including but not limited to any samples used to run any scientific tests and any evidence seized from a third party. Dkt. #33, pp.10-11. The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928

(1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980);

*United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821

(1976).  Accordingly, the government is hereby directed to maintain and preserve all

materials that are known by the government to exist, that constitute potential *Jencks* Act

material in this case.


**_Jencks_ Act Material**

By this request, the defendant seeks the early disclosure of witness

statements pursuant to Title 18, United States Code, Section 3500.  Dkt. #33, pp.11-13

and pp.16-17.   Specifically, the defendant requests the disclosure of witness

statements no later than fourteen (14) days prior to trial.  In its response, the

government states,

> [t]he government will comply with the pretrial order of the
> District Court concerning the disclosure of witness
> statements specified in 18 U.S.C. § 3500.  Notwithstanding
> this, the government reserves the right to argue that, with
> regard to any particular witness, a legitimate concern for the
> safety of the witness outweighs any need for pretrial
> disclosure of prior statements.

Dkt. #34, p.18.


As noted above, with respect to impeachment material that does not rise

to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not

required to disclose and turn over such statements until after the witness has

completed his or her direct testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, that it will comply with the trial judge's pretrial order concerning the disclosure of witnesses' statements, the defendant's request is denied.  Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Bill of Particulars**

With respect to the Indictment, the defendant seeks the following information: the precise date, time and place where it is alleged the conspiracy began; the precise date, time and place where it is alleged the conspiracy ended; the names of all persons alleged to have been part of the conspiracy, including the date Torres joined or participated in the conspiracy; the identity of any unindicted co-conspirators; the acts Torres took to possess, manufacture and/or distribute the controlled substance; whether Torres physically possessed or constructively possessed the alleged controlled

substance; whether Torres delivered or transferred the controlled substances to any person or group of persons; whether Torres consummated any sale or the alleged controlled substances; and, the location where Torres allegedly possessed the controlled substances.  Dkt. #33, pp.14-15.

As a threshold matter, in its response the government maintains that defendant Torres has failed to offer any specific facts, reasons or legal authority, to justify a finding that further particularization is necessary.  Specifically, the government contends that "further particularization other than that already provided is unnecessary, unwarranted, and is nothing more than a 'fishing expedition' by the defendant in an attempt to gain pretrial disclosure of the government's proof at trial."  Dkt. #34, p.5. Moreover, the government argues that pretrial discovery has been provided and that the defendant has received copies of the Criminal Complaint and supporting Affidavit, consent to search and laboratory reports.  On the basis of what has already been provided, and the relatively straightforward and uncomplicated nature of the charges against him, the government argues further disclosure is not warranted.

It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).  The charges in the Indictment, along with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged.  As a result, the

defendant is not entitled to, nor is he in need of, the "particulars" being sought for that

purpose. Accordingly, defendant's request for a bill of particulars is denied.

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d [572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v.*

*Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v.*

*Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct.

1690 (2008).

**Rule 404(b), 608 and 609 Material**

By this request, the defendant "respectfully requests that the Government

notify him of any evidence that the Government contends would be admissible under

Rule 404(b) of the Federal Rules of Evidence." Dkt. #33, pp.15-16. In addition, the

defendant also requests pretrial disclosure of any other evidence, including misconduct

and convictions, the government intends to use to impeach the defendant's credibility

should he choose to testify. *Id.* In its response, the government states that,

> [b]y way of discovery in this case, the defendants have been provided with the indication that the government's intention is to offer proof that these activities are such crimes, wrongs or acts which the government intends to prove during its direct case at trial. It is the government's position that such proof is relevant and admissible pursuant to Rule 404(b), as well as pursuant to normal evidentiary considerations concerning proof of the existence of and participation in the overall conspiracy alleged in the indictment. . . . The defendant generally has requested specific instances of other crimes, wrongs and acts under Federal Rules of Evidence 404(b), which it may use as impeachment material. The government will provide this information consistent with its disclosure of Jencks material. . . . With respect to the defendant's request under Rule 609, the only notice requirement imposed by Rule applies where a party intends to introduce evidence of a conviction that is more than ten years old. . . . The government has no obligation to provide the defendant with notice of any material that will be used to impeach him pursuant to Rule 608 should he elect to testify. . . . Defendant has already been provided his criminal history. . . . Furthermore, the government hereby notifies the defendant that it intends to introduce at trial pursuant to Rule 404(b), all prior criminal conduct acts or wrongs for the purpose of showing proof of the defendant's motives, opportunity, intent, preparation, plan, knowledge, identity and/or absence of mistake or accident.

Dkt. #34, pp.14-16.

 

Rule 404(b) only requires that "the prosecution. . . provide reasonable

notice in advance of trial. . . of the *general* nature of any such evidence it intends to

introduce at trial." (Emphasis added). Insofar as the government has complied and

provided what it describes as "preliminary notice," and further, that it will provide the

defendant with more definitive notice of its intent to rely on 404(b) evidence two weeks

prior to trial or during the trial if the court excuses pretrial notice on good cause shown, defendant's request is denied as moot. The Court notes that the issue of admissibility of such evidence pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial. Accordingly, the defendant's request for an Order with respect to admissibility of such evidence is denied.

With respect to the defendant's request pursuant to Rule 608, Rule 608 does not contain the same pretrial notice as set forth in Rule 404(b). Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time. Therefore, defendant's request in this regard is denied. With respect to the defendant's request pursuant to Rule 609, based on the representations made by counsel for the government, defendant's request is denied as moot. The government is hereby reminded that should the government learn of evidence of other crimes, wrongs and acts it intends to offer pursuant to Federal Rules of Evidence Rules 608 and 609 (impeachment material) during the trial, the government is hereby directed to provide such information consistent with its disclosure of *Jencks* material and the disclosure requirements set by the trial judge in advance of the trial.

**Joinder of Motions of the Co-Defendants**

        The defendant seeks to join in any motion filed by any of his co-defendant. Dkt. #33, p.18.  This request is denied as moot.  Co-defendant Montanez entered a plea of guilty to Count 1 of the Indictment on August 27, 2012 and was sentenced on December 10, 2012.


**Reservation of Rights**

        By this request, the defendant, "reserves the right to make further and additional motions for relief upon good cause . . . " Dkt. #33, p.18.  The defendant's request is granted insofar as any further and additional motions may be filed only to the extent that they may be necessitated by due process of law, by the Court's ruling on the relief sought herein, by additional discovery provided by the government or investigation made by the defense, and/or by any information provided by the government in response to the defendant's demands.


**Government's Request for Reciprocal Discovery**

        In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery.  Dkt. #34, p.19.  The government has requested that the defendant permit it to inspect and copy all books, papers, documents, photographs and other tangible objects which the defendant intends to introduce as evidence-in-chief at the trial.  In addition, the government seeks to inspect all reports of physical or mental examinations and of scientific tests or experiments,

within the possession or control of the defendant along with written summaries of expert witness testimony that the defendant intends to use at trial. Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

**Notice Pursuant to Federal Rule of Evidence 807**

In addition to its reciprocal discovery demand, pursuant to Federal Rule of Evidence 807, the government seeks advance disclosure of any statements the defendant proposes to utilize at a trial of this matter. Dkt. #34, p.20. Rule 807 of the Federal Rules of Evidence requires that in order for a statement to be admissible, the proponent give the adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address. Based on the notice requirements set forth in Federal Rule of Evidence 807, the government's request is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and

Order  in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
              January 11, 2013

                                              *s/ H. Kenneth Schroeder, Jr.*
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**